IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY ANN MORRIS, | ) |
| Plaintiff, | ) |
| vs. | ) 2:13-CV-00660-LSC |
| CAROLYN W. COLVIN,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OF OPINION**

**I.   Introduction**

The plaintiff, Shirley Ann Morris, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI"). Ms. Morris timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Morris was fifty-three years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a tenth grade education. (Tr. at 125, 133.) Her past work experiences include employment as an industrial cleaner, a

construction worker, and a poultry farm worker. (Tr. at 48-49.) Ms. Morris claims that she became disabled on September 15, 2009, due to myofascial back pain and hypertension. (Tr. at 129.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *See also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made, and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ first found that Ms. Morris has not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. at 12.) Next, the ALJ determined that Plaintiff's myofascial back pain and hypertension are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor

medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *(Id.)* The ALJ did not find Ms. Morris's pain allegations to be totally credible, and he determined that she has the following RFC: she retains the ability to perform the full range of medium work as defined in 20 C.F.R. § 416.767(c). (Tr. at 13.)

Moving to the fourth step of the sequential evaluation process, the ALJ found that Ms. Morris is capable of performing her past relevant work as an industrial cleaner and a poultry farm worker. (Tr. at 16.) The ALJ determined that these jobs do not require Plaintiff to perform any work-related activities precluded by her RFC. (*Id.*) In addition to past work, the ALJ appropriately relied on the testimony of a vocational expert to determine that there are a significant number of jobs in the national economy that Plaintiff is capable of performing, such as machine packer, hand packer, and assembler. *(Id.)* The ALJ concluded his findings by stating that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, since September 30, 2009, the date the application was filed." (*Id.*)

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is

substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to

apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

Ms. Morris contends that the ALJ's decision should be reversed and remanded because the ALJ failed to properly evaluate the credibility of her testimony of disabling symptoms in accordance with the Eleventh Circuit's "pain standard." (Doc. 9 at 3.) Specifically, Ms. Morris alleges that while the ALJ discusses several reasons for refusing to credit her subjective pain testimony, the conclusions are "irrational and wholly inconsistent with the record and not supported by substantial evidence."(Doc. 9 at 9.)

Disability benefits may not be paid solely on the basis of a claimant's own self-serving complaints. *See* 42 U.S.C § 423(d)(5)(A). However, subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain and other subjective symptoms, the Eleventh Circuit has set forth a three-part standard: "The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the

objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

Once a claimant has met the pain standard, the ALJ may still discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so based on substantial evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection" which is "not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole." *Id.* (internal quotations omitted).

In this case, the ALJ referenced these regulations in analyzing Plaintiff's

subjective complaints of pain. (Tr. at 13.) Specifically, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but the plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the RFC assessment. (*Id.*) Meeting the pain standard does not automatically end the ALJ's analysis if the ALJ rejects the plaintiff's complaints for lack of credibility. *See Foote*, 67 F.3d at 1560-61 (meeting the judicial pain standard is only a threshold inquiry and the ALJ may reject the complaints by offering specific reasons); *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain [under the above standard], the ALJ may reject them as not credible, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). Thus, the ALJ found that Plaintiff met the pain standard, and then continued in the analysis and evaluated Plaintiff's credibility. (Tr. at 15-16.)

The ALJ found that Ms. Morris's complaints of pain were not fully credible in light of the medical evidence of record and the plaintiff's continuing performance of daily activities. (Tr. at 14.) The record supports the ALJ's conclusion regarding Plaintiff's credibility. The ALJ acknowledged Plaintiff's history of treatment for back

pain but determined that "objective findings have not supported the severity of limitations she alleges." (Tr. at 15.) The ALJ also called attention to Plaintiff's history of treatment for hypertension but again found that she was not severely limited by the disease because it was well controlled and because of a lack of evidence of end organ damage related to hypertension. (*Id.*) *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005)( "the mere existence of these impairments does not reveal the extent to which they limit her ability to work").

The ALJ appropriately took Plaintiff's medical regimen into account when making his decision because improvement of pain while on medication can suggest that a plaintiff's pain allegations are not credible. *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that a symptom reasonably controlled by medication or treatment is not disabling). Plaintiff first reported that her back pain was interfering with her daily activities in May 2008. (Tr. at 333.) However, she reported improvements in the pain with the help of various medications. (Tr. at 190, 192, 194.) In August 2009, just one month before the alleged onset of the disability, the plaintiff reported some resolution of her symptoms with a treatment regimen of Flexeril and Ultram. (Tr. at 188.)  Dr.

Anthony Pitts, Plaintiff's treating physician at the University of Alabama-Birmingham, decided not to give her an epidural steroid injection for back pain, noting in his records that "she seem[ed] to be doing fairly well on her current medical regimen." (Tr. at 189.) Additional records from the Spain Clinic in November 2009 show that Plaintiff's medications were consistently diminishing her pain, with Plaintiff reporting that her pain was only a five out of ten. (Tr. at 319.)

Furthermore, the ALJ noted that although treatment notes through 2010 documented Plaintiff's various pain complaints, there was no evidence of significant increase in pain or significant functional limitations that would prevent Plaintiff from performing a medium level of exertional activity. (Tr. at 14-15.) The only instance of reported increase in pain occurred in January 2010 because Plaintiff had been out of Lortab for over a month. (Tr. at 220.) Plaintiff did not seek any sort of treatment between June 2010 and March 2011 (tr. at 308), which further supports the ALJ's credibility determination. *See* 20 C.F.R. § 416.929(c)(3)(v); *Dyer*, 395 F.3d at 1211 (affirming the ALJ's decision to discredit the plaintiff's testimony based on the lack of consistent or routine treatment). The ALJ also pointed to the fact that after March 2011, Plaintiff visited Quality of Life Health Care and an emergency room, but medical records from these visits indicated no signs of disabling limitations that would

"significantly impact her level of functioning." (Tr. at 15.) Indeed, the treatment notes from these visits indicated that Plaintiff's heart was in normal condition (tr. at 267, 291, 315, 357,382, 392, 395, 400) and that her back pain was relieved by pain medication and did not affect her gait or motor skills. (Tr. at 308-10.) Despite Plaintiff's testimony that she has to lie down during the day due to her back pain, there is also no indication that she reported this symptom to any doctor. (Tr. at 15.) The ALJ's determination that Plaintiff's symptoms are not as limiting as she claims is thus supported by the lack of any indication of limitation in the medical records.

The ALJ's credibility determination is further supported by the findings of Dr. Zakir Khan, the state agency medical consultant who performed a physical examination of the plaintiff on February 11, 2010. State agency medical consultants are highly qualified experts in the Social Security disability program, and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. § 404.1527(e)(2)(I); SSR 96-6p, 1996 WL 374180. Dr. Khan's opinion is supported by the objective medical findings and consistent with the record as a whole. *See* 20 C.F.R. § 404.1527(c)(3), (c)(4); SSR 96-6p. The ALJ, therefore, properly relied on Dr. Khan's opinion in reaching his conclusions. (Tr. at 15.) Dr. Khan found that Plaintiff had a normal range of motion in her neck and lumbar spine and noted that she

had a negative straight leg raising test. (Tr. at 226.) He also stated that there was no tenderness to palpation over the spine. (*Id.*) Dr. Khan also explained that Plaintiff's gait, heel and toe walking, and fine and gross manipulation were all normal. (*Id.*) While Dr. Khan took note of Plaintiff's back pain and hypertension, the ALJ emphasized that Dr. Khan did not state that Plaintiff's impairments limited her level of functioning in any way. (Tr. at 15.) Dr. Khan's assessment thus provides further evidence to support the ALJ's credibility finding. Indeed, Ms. Morris has not challenged the ALJ's reliance on Dr. Khan's opinion.

The ALJ also noted that Ms. Morris's reports of her daily activities are "inconsistent with disabling limitations." (Tr. at 14.) Although not dispositive, a plaintiff's activities may show that her condition is not as limiting as she alleged. *See* 20 C.F.R. § 404.152(c)(3)(I); SSR 96-7p, 1996 WL 374186; *Dyer*, 395 F.3d at 1212; *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987). Courts have upheld an ALJ's adverse credibility determination when it was based in part on the claimant's stated ability to take care of her personal needs, including performing errands. *See, e.g., Parks v. Comm'r*, 353 F. App'x 194, 197 (11th Cir. 2009) (unpublished). The ALJ pointed out that while Plaintiff states she is unable to work, she has continued to report a high level of functioning. (Tr. at 144-49.) The plaintiff testified that she is able

to take care of her personal needs without help, including preparing simple meals several times a day. (Tr. at 146.)  She also explained that she can perform limited household chores such as dusting (*id.*), she occasionally goes grocery shopping (tr. at 147), and she takes short walks across the street. (Tr. at 149.) The ALJ also pointed out that she spends time with others (tr. at 148) and can pay bills, count change, and handle a savings account. (Tr. at 147.)  Plaintiff's ability to perform these daily tasks provides additional support to the ALJ's discrediting of Plaintiff's testimony of disabling pain.

In sum, the ALJ specifically addressed Plaintiff's allegations of pain and provided explicit reasons for rejecting her testimony as not entirely credible.  (Tr. at 14-16.)  *See Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir. 1989) (ALJ properly discredited the plaintiff's testimony where he specifically articulated at least three reasons for rejecting the plaintiff's subjective complaints).  The objective medical evidence, including the report of Dr. Khan, and the testimony of the plaintiff, support the ALJ's conclusion that Plaintiff's impairments are not of such intensity or persistence that they prevent her from performing a full range of medium work, including her previous work as an industrial cleaner and poultry farm worker, as well as a significant number of other jobs in the national economy. (Tr. at 16.)

## IV. Conclusion

Upon review of the administrative record, and considering all of Ms. Morris's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 3rd day of June 2014.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]